OPINION of the court, by
Ch, J. Boyle.
This is a writ of error to a judgment in an action upon a promise of marriage.
The first question which the record presents, respects the sufficiency of the three first counts of the de-dartuon, and grows out of a bid of exception taken by the attendant to-the refusal of the circuit court to instruct the jury to disregard those counts as h.mg bulky and íuJecíive,
. , , & uJt oi the counts in question lavs the promise ui tl. isutl manner, to be made in consideration of a pro-e part or the piamtut to marry tne dciemUnt. 1 he first and third state no time when (he promise v,íz to .it, performed ; the second states that it was to be perro- used within a period which is left blank, and nti-tuei u¡ them alleges anv place of performance. In all of tiie.ii the plaintiff avers her willingness and readint'.s to perform her promise, but makes no averment that she had offered to do SO.
The omissi-m to ,¡' . ;t - n time or place of perform-counts: for a promise to t.me or place he agreed on. the contract, it is to be per-i i | ■ r I icwmoie lime, and if no outract being transitory in its he o ' t ista- ui performance are not fixed ames, to entitle either to an tne •iy where, acconimg t* 'ns sunt nullius loci. In part oi he to anee, does not vina marry is valid, thru j. ; If the time be not fi.k d ' formed in a concern in place be agreed upon, > • nature, may be per I’m ;n maxim delictum et conn where the time and by the agreement of the action for a breach <>! i1», coutiart r* i other, an averment oi an • 'if <• to ri u \ m part, is indispensably n« i es,-. >rv — -See Bac. Abr. 530, title Mar. and Divorce, -nd Carthew 467 there cited. In such a case an averment of readiness to pet form is not equivalent to, nor cun it be suhsutu-ed it, the place of an averment of an cjfer to perform ; one party m iy be ready and willing, but ac a remote distance com the other, who may in 1-ke manner be rea.lv and willing to perform his part of die engagement, and not being bound to a performance at anv pat titular place, cannot be said fc’ be in default. Contracts of this kind do not differ in principle from other species of contiacts, where mutual Ins or her *342 and concurrent acts are to be performed at the sana® time.
In contracts of this last description, although it be not certain that either is to do the first act, yet it is a well settled rule, that neither party can maintain an action against the other, without shewing that he has performed or offered to perform, his part of the agrément — 1 Tidd’s Practice 382. Where indeed a time and place are appointed for the performance of an agreement, there does not seem the same necessity of an averment of an offer to perform, and perhaps in such case if the plaintiff should allege that he was there at the time specified, willing and ready to perform his part of the engagement, and that the defendant was absent, or if present refused todo what the agreement required of him, such an allegation might be deemed sufficient. This case however, is not of that sort and does not require a decision of that point.
We are aware that it is usual, (though it not ««frequently happens otherwise,) for the performance of the marriage contract to take place at the residence of the female party and from the general custom it ought perhaps to be inferred, where no place is expressed in the agreement, that the performance was intended to be had at her residence. But this is hut matter of evidence, and is only admissible where the allegation in the declaration conforms to it. Besides, it ought not only to be alleged to be a part of the agreement, but the averment in that ease of her readiness to perform her engagement, (if indeed such averment is to be construed as equivalent to that of an offer of performance,) ought to be so certain with respect to time and place, as to be traversable by the defendant. This not having been done in the counts m question, they are dearly defective, and the coart below ought to have instructed the jury to disregard them-.
A second question which presents itself for consideration, respects the competency of a witness, to whose testimony the defendant objected. The witness was.) the wife of the person by whom, the plaintiff had sued a») her next friend. Previous to her admission as a wit-y ness, the com t had made an order substituting anothefy in his place, as the w xt friend of the plaintiff. The foro.pt teney of the ⅝ uutss depends upon the propriety *343 and effect of that order. We know of no la tv or rule of practice, prohibiting such an order. Cases may occur m which it may be necessary, as where the next friend dies or removes from the commonwealth, and where there is no objection to the person substituted, (and none is alleged in this instance) we see no impropriety in doing it in any case. We apprehend tv here an order of the kind is made, the person substituted becomes liable for the costs of the suit, as well those which had theretofore, as those which should thereafter accrue. Consequently, the objection to the competency of the witness is entitled to no weight, and was properly overruled by the court.
A third question which seems necessary to be decided, arises upon a bill of exception taken by the defendant to the court’s refusing to instruct the jury to give no damages for the seduction. It was unquestionably a wrong in the defendant to have debauched the plaintiff, but it is a wrong of which she was parttcepa criminb and had no right to complain in a court of justice. Besides, it appears that her father had brought suit for the seduction, and the consequent expence and loss of service. lu that suit the tort in seducing the plaintiff, is the ground of the action, and as it was aggravated or otherwise would tend to increase or diminish the damagss which the father ought to recover. But the action by the daughter arises solely and exclusively upon the contract to marry, nor is there any allegation, either gene- = ral or special, under which testimony of the seduction is admissible. We may add to these considerations, that the promise attempted to be proven on the trial, was made at a period subsequent to the seduction, and of which the seduction might have been the cause, but could not have been the consequence.
Had it therefore beenjaid with a per quod, evidence of it could riot have been admitted to increase the plaintiff’s damages. — Judgment reversed, ike. |⅜